Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
FELIPE MAGALLON

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| FELIPE MAGALLON | ) | Case No. **'17CV0955 CAB JMA** |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT FOR DAMAGES** |
| SYNCHRONY BANK; ALLIED INTERSTATE LLC | ) | |
| Defendants | ) | **[DEMAND FOR JURY TRIAL]** |

Plaintiff FELIPE MAGALLON alleges as follows:

## INTRODUCTION

1. Plaintiff, FELIPE MAGALLON (hereinafter referred to as "Plaintiff"), brings this lawsuit against SYNCHRONY BANK ("SYNCHRONY") for violations of the Telephone Consumer Protection Act ("TCPA").

2. Plaintiff brings this lawsuit against Defendant ALLIED INTERSTATE LLC ("ALLIED") for violations of the TCPA, the Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

- 1 -
COMPLAINT

3. Defendant SYNCHRONY and ALLIED are collectively referred to as "Defendants."

4. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

6. Plaintiff is a "consumer" as defined under the FDCPA, a "debtor" as defined under the Rosenthal FDCPA, and a "person" as defined under the TCPA.

7. Plaintiff is informed and believes that Defendant SYNCHRONY is and at all times mentioned herein was, a business entity, who was conducting and engaging in business in the County of San Diego, California.

8. Plaintiff is informed and believes that Defendant ALLIED is and at all times mentioned herein was, a limited liability company, who was conducting and engaging in business in the County of San Diego, California.

9. Plaintiff is informed and believes, and thereupon alleges, that Defendant ALLIED is a debt collectors as defined under the Rosenthal FDCPA.

10. Plaintiff is informed and believes, and thereupon alleges, that Defendant ALLIED is a debt collector as defined under the FDCPA.

11. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132

S. Ct. 740 (2012). This court also has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

13. This action arises out of violations of the TCPA, FDCPA, and the Rosenthal FDCPA. Because Defendants SYNCHRONY and ALLIED do business within the State of California, county of San Diego, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

15. Upon information and belief, sometime in or before March 2016, Defendant SYNCHRONY began making collection calls to Plaintiff's cellular telephone, attempting to collect a debt allegedly owed to them.

16. Defendant SYNCHRONY placed calls to Plaintiff's cellular telephone at phone number ending in "7420."

17. On or about April 1, 2016 at around 10:25 a.m. Pacific Standard Time, Defendant called Plaintiff's cellular telephone. Plaintiff heard a prolonged silence and delay and click upon answering Defendant SYNCHRONY telephone call. After Plaintiff answered the call, he spoke with a female representative who identified herself as "Elizabeth." In the course of the telephone phone call, Plaintiff requested that Defendant SYNCHRONY ceases placing collections calls to his cellular phone.

18. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant SYNCHRONY or anyone on its behalf, in the course of the call on or about April 1, 2016.

19. Despite Plaintiff's request for Defendant to cease calling his cellular telephone, Defendant continued to place numerous collection calls to Plaintiff's cellular telephone at phone number ending in "7420" via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

20. Plaintiff is informed and believes, and thereon alleges, that Defendant

SYNCHRONY's telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

21. Defendant SYNCHRONY placed calls to Plaintiff's cellular telephone using the telephone numbers including but not limited to: (866) 780-6117 and (866) 923-8370.

22. At no time after April 1, 2016, did Plaintiff consent, express or implied, to receive such collection calls from anyone regarding the account.

23. Upon information and belief, the ATDS used by Defendant SYNCHRONY to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Upon information and believe, Defendant SYNCHRONY placed approximately 25 or more telephone calls to Plaintiff's cellular phone via an ATDS or with an artificial or prerecorded voice after he had revoked his consent. These calls took place between April and May of 2016.

25. Despite the fact that Plaintiff had revoked his consent to be contacted on his cellular telephone on April 1, 2017, Plaintiff started to receive collection calls from Defendant ALLIED, who attempted to collect a debt on behalf of Defendant SYNCHRONY.

26. Defendant ALLIED placed collection calls to Plaintiff's cellular telephone at phone number ending in "7420" starting on June 2, 2016. Defendant ALLIED had no express or implied consent to call Plaintiff's cellular telephone ending in "7420."

27. Despite the lack of any consent, Defendant ALLIED placed numerous collection calls to Plaintiff's cellular telephone at phone number ending in "7420" via an ATDS as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

28. Plaintiff is informed and believes, and thereon alleges, that Defendant ALLIED's telephone calls constituted calls that were not for emergency purposes as

defined by 47 U.S.C. section 227(b)(1)(A)(i).

29. Defendant ALLIED placed calls to Plaintiff's cellular telephone using the telephone numbers including but not limited to: (800) 440-2843, (214) 459-4563, (281) 254-8213 and (704) 998-2429.

30. Upon information and belief, the ATDS used by Defendant ALLIED to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. Upon information and believe, Defendant ALLIED placed approximately 49 or more telephone calls to Plaintiff's cellular phone via an ATDS or with an artificial or prerecorded voice after he had revoked his consent. These calls took place between June and August of 2016.

32. Defendants telephone calls to Plaintiff's cellular telephone caused Plaintiff stress, annoyance, and anxiety, especially because these calls were placed on his cellular telephone.

33. By repeatedly and excessively calling his cellular telephone, after Plaintiff told Defendants not to, Defendants invaded Plaintiff's right to privacy.

**FIRST CAUSE OF ACTION**
**(Negligent Violations of the TCPA against all Defendants)**

34. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

35. The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

36. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

37. As a result of Defendants' negligent violations of 47 U.S.C. section 227

*et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

38. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Knowing and/or Willful Violations of the TCPA against all Defendants)

39. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

40. The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

41. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

42. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 *et seq.,* Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

43. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
### (Violation of the FDCPA against Defendant ALLIED)

44. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

45. Defendant ALLIED violated 15 U.S.C. sections 1692d and 1692d(5) because it contacted Plaintiff by telephone numerous times in an attempt to collect a debt. Defendant ALLIED's act in calling Plaintiff's cellular telephone numerous times, sometimes calling him 5 times per day, was harassing and caused Plaintiff

annoyance and abuse.

46. As a result of each and every violation of the FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## FOURTH CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against all Defendant ALLIED)

48. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

49. Civil Code section 1788.17 incorporates the FDCPA. As such, any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA.

### COUNT 1

50. Defendant ALLIED violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(d) because it repeatedly and/or continuously contacted Plaintiff in an attempt to collect a debt.  Specifically, Defendant ALLIED would call Plaintiff's cellular telephone sometimes up to 5 times per day.

### COUNT 2

51. Defendant ALLIED violated the Rosenthal FDCPA by violating California Civil Code section 1788.11(e) because it communicated with Plaintiff by telephone with such frequency as to be unreasonable and to constitute harassment. Specifically, Defendant ALLIED would call Plaintiff's cellular telephone sometimes up to 5 times per day.

52. As a result of each and every violation of the Rosenthal FDCPA as

indicated in Counts 1 and 2, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

53. As a result of each and every violation of the Rosenthal FDCPA, as indicated in Counts 1 and 2, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For injunctive relief prohibiting such conduct in the future;
4. For interest according to law;
5. For attorneys' fees under the Rosenthal FDCPA;
6. For costs of suit herein incurred; and
7. For other and further relief as the court may deem proper.

DATED: May 9, 2017

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
FELIPE MAGALLON